# Exhibit B

LAW DEPARTMENT
NATIONAL TORT CENTER

 UNITED STATES
POSTAL SERVICE

**CERTIFIED NO. 70191120000132555789**
**RETURN RECEIPT REQUESTED**

August 14, 2020

Ms. Merline Genece
GEICO
P.O. Box 88
Woodbury, NY 11797-2589

RE:   Your Policyholder:   Juan Peralta
      Your Policy No.:
      Date of Incident:    June 18, 2019
      NTC File No.:        NT202021437

Dear Ms. Genece:

This is in reference to the administrative claim you filed on behalf of GEICO aso Juan Peralta with the United States Postal Service under the provisions of the Federal Tort Claims Act. The claim seeks reimbursement for personal injury protection (PIP) benefits paid on behalf of Juan Peralta, Juan Marine-Suarez, and Juan Miguel Rodriguez Peralta as well as property damage as a result of a motor vehicle accident involving the vehicle being driven by Mr. Peralta and a Postal vehicle on June 18, 2019.

Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, the federal government has consented to be sued for the negligent or wrongful acts or omissions of its employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Because the accident in this case occurred in New York, the governing law is the New York no-fault insurance law, N.Y. Insurance Law §§ 5101-5108.

The New York no-fault insurance law exempts any person covered by that law from being subjected to an action by or on behalf of any other covered person for recovery for "basic economic loss." N.Y. CLS Ins § 5104(a) (2003). The United States is a "covered person" under the no-fault law, <u>Patrello v. United States of America</u>, 757 F. Supp. 216, 220 (S.D.N.Y. 1991), and the loss your client seeks to recover in this claim is "basic economic loss" as defined in N.Y. CLS Ins § 5102(a) (2003). Therefore, neither GEICO nor Juan Peralta, Juan Marine-Suarez, and/or Juan Miguel Rodriguez Peralta has a cause of action in tort against the United

1720 MARKET STREET, ROOM 2400
ST LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

- 2 -

States for recovery of the loss at issue in this claim. Moreover, because the United States is in like circumstances with a private owner of an auto covered by no fault insurance and is not an "insurer" within the meaning of the New York no-fault law, it is not subject to the mandatory arbitration provisions regarding settlement between insurers set forth in that law.

Additionally, the Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts. As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. We cannot accept legal liability for these alleged damages.

For all of the foregoing reasons, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service s final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant s option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*[signature: Kimberly A. Herbst]*

Kimberly A. Herbst
Supervisor, Tort Claims Examiner/Adjudicator

- 3 -

cc:   Maryann D'avanzo
      GEICO

cc:   Xiomara Nunez
      Tort Claims Coordinator
      File No. 110-19-00438337B